# Exhibit A

5247.0006

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, ss            SUPERIOR COURT
                                                     CIVIL ACTION NO.

-----------------------------------------------X

ARI WEITZNER, M.D., P.C., on behalf of himself      05-1778
and all others similarly situated,

                    Plaintiff,

         v.

CYNOSURE, INC.,

                  Defendant.

-----------------------------------------------X

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
MAY 2 4 2005
CLERK

COPY

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, by and through its attorneys, Beatie and Osborn LLP, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff Ari Weitzner, M.D., P.C. is a New York corporation with its office at 7819 Bay Parkway, Brooklyn, New York. Plaintiff Weitzner maintains and operates a facsimile machine at the office.

2. Defendant Cynosure, Inc. ("Cynosure") is a Delaware corporation; maintains its principle place of business at 10 Elizabeth Drive, Chelmsford, Massachusetts, 01824; and manufactures and distributes laser and light sources for medical and aesthetic use.

3. This case arises out of defendant's knowing and willful transmission of unsolicited advertisements via facsimile in violation of the Telephone Consumer Protection Act.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3).

5. Venue is proper in this district because Cynosure maintains its executive offices in this district and the acts, transactions, and conduct constituting violations of law, including, upon information and belief, the dissemination of unsolicited advertisements occurred, in part, in this

district. In connection with the acts alleged in this Complaint, defendant directly and indirectly used the means and instrumentalities of interstate commerce.

## FACTS

6. Beginning on April 7, 2004, and perhaps earlier, defendant Cynosure transmitted or caused to be transmitted facsimiles to plaintiff and the class without consent from the recipients. Plaintiff itself received four such facsimiles from defendant.

7. Defendant willfully or knowingly transmitted or caused to be transmitted the facsimiles without consent from the recipients.

## CLASS ACTION ALLEGATIONS

8. This action is brought and may properly be maintained as a class action pursuant to the Rule 23 of the Massachusetts Rules of Civil Procedure.

9. Plaintiff brings this action on behalf of itself and on behalf of all others similarly situated who received unsolicited advertisements via facsimile from defendant between May 24, 2001 and May 24, 2005 (the "class" and the "class period," respectively).

10. During the class period, defendant sent unsolicited advertisements via facsimile to plaintiff and the other class members.

11. The class is so numerous that joinder of all its members is impracticable. Upon information and belief, defendant improperly sent thousands of faxes to thousands of individuals during the class period.

12. The names and addresses and other contact information of the individual class members can be found in the records maintained by the defendant.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted here, and no unusual difficulties are likely to be encountered in the management of this class action. The likelihood of individual class members prosecuting separate claims is remote.

14. Questions of law and fact are common to the class and predominate over questions affecting any individual class member. The common questions include, inter alia, the following:

      a. did defendant transmit or cause to be transmitted unsolicited advertisements via facsimile;

      b. did defendant act knowingly and willfully in transmitting or causing to be transmitted unsolicited advertisements and, if so, what is the proper measure of damages.

15. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.

16. The claims of the plaintiff are typical of the claims of other members of the class, and plaintiff has the same interests as the other members of the class. A class action is superior to any other type of adjudication of this controversy.

## COUNT I: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth herein.

18. The allegations alleged in paragraphs 1 through 16 of this Complaint constitute violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. §1200(a)(3).

WHEREFORE, plaintiff Weitzner demands judgment against defendant Cynosure:

A. Awarding plaintiff and the class statutory damages of $500 for each violation of the Telephone Consumer Protection Act, 47 U.S.C.§ 227(b)(3).

B. Treble damages as provided for in the Telephone Consumer Protection Act, 47 U.S.C.§ 227(b)(3).

C. Issuing an order pursuant to 47 U.S.C. § 227(b)(3)(a) enjoining defendant from continuing to send unsolicited facsimile advertisements; and

      D.    Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 23, 2005

                      BEATIE AND OSBORN LLP

                      */s/ Christopher J. Marino*
                      Christopher J. Marino (BBO No. 655007)
                      Daniel A. Osborn
                      521 Fifth Avenue, 34th Floor
                      New York, New York 10175
                      (212) 888-9000

                      -and-

                      TODD C. BANK
                      119-40 Union Turnpike, Fourth Floor
                      Kew Gardens, New York 11415
                      (718) 520-7125

                      Attorneys for Plaintiff