UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated, <br><br>            *Plaintiffs*, <br><br>  -against- <br><br> CYNOSURE, INC., <br><br>            *Defendant*. | 1:12-cv-03668-MKB-RLM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION OF THE ORDER OF DISMISSAL DATED
FEBRUARY 22, 2013, VACATURE OF THE JUDGMENT DATED
MARCH 5, 2013, AND THE ADMINISTRATIVE CLOSURE OF THE ACTION**

TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

OSBORN LAW PC
295 Madison Avenue, 39th Floor
New York, New York 10017
(212) 725-9800

*Counsel to Plaintiffs*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     THIS ACTION SHOULD BE ADMINISTRATIVELY
CLOSED PENDING THE RESOLUTION OF THE APPEAL OF
THE JUDGMENT OF THE MASSACHUSETTS TRIAL COURT . . . . . . . . . . . . . . . 5

     A.     This Court has Broad Discretion to Grant the Relief Sought . . . . . . . . . . . . . . . 5

     B.     This Action Should be Administratively Closed . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **TABLE OF AUTHORITIES**

**Page**

**STATUTES**

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, n.1

47 U.S.C. § 227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Fed. R. Civ. P. 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 60(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

**CASES**

*American Heritage Life Ins. Co. v. Orr*,
    294 F.3d 702 (5th Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Aurecchione v. Schoolman Transp. System, Inc.*,
    426 F.3d 635 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cantrell v. International Broth. of Elec. Workers, AFL-CIO, Local 2021*,
    69 F.3d 456 (10th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Corion Corp. v. Chen*,
    964 F.2d 55 (1st Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Florida Ass'n for Retarded Citizens v. Bush*,
    246 F.3d 1296 (11th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Arbitration Between Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd.*,
    845 F.Supp. 1026 (S.D.N.Y.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lehman v. Revolution Portfolio L.L.C.*,
    166 F.3d 389, 392 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*Mercer v. Allegheny Ludlum Corp.*,
    132 F.R.D. 38 (W.D.Pa.1990),
    *aff'd*, 931 F.2d 50 (3d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mickeviciute v. I.N.S.*,
    327 F.3d 1159 (10th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                                                            **Page**

**Cases (Cont'd)**

*Mims v. Arrow Fin. Servs., LLC*,
    132 S.Ct. 740, 565 U.S. ___ (2012)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, n.1

*Penn West Associates, Inc. v. Cohen*,
    371 F.3d 118 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*Stevens v. Miller*,
    676 F.3d 62 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>CYNOSURE, INC.,<br><br>*Defendant*. | 1:12-cv-03668-MKB-RLM |

## INTRODUCTION

Plaintiffs, Ari Weitzner and Ari Weitzner, M.D., P.C. (collectively "Weitzner"), submit this Memorandum of Law in support of Plaintiffs' motion, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for an Order: (1) granting reconsideration of, and vacating, the Order of this Court, dated February 22, 2013, which dismissed the Complaint as barred by claim preclusion and issue preclusion; (2) vacating the Judgment of this Court dated March 5, 2013 (ECF No. 23); (3) administratively closing the present case pending the resolution of the appeal of *Ari Weitzner, M.D., P.C., on behalf of itself and all others similarly situated v. Cynosure, Inc.* (Massachusetts Appeals Court, No.2013-P-0264); and (4) granting Plaintiffs any additional relief authorized by law.

## FACTUAL AND PROCEDURAL BACKGROUND

The present action was commenced on July 23, 2012. Plaintiffs, each of whom are residents of New York, *see* Compl., ECF No. 1, ¶¶ 5, 6, received four unsolicited facsimile advertisements from Defendant, Cynosure, Inc. ("Cynosure"). *See id.*, ¶¶ 8-11 (a copy of the facsimile advertisements is annexed to the Complaint as Exhibits "A" through "D"). Those facsimiles were among at least 10,000

such facsimiles that were sent by Cynosure. *See id.*, ¶ 13. The sending of those facsimiles violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which states that "[i]t shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). Each recipient of such a facsimile is entitled to statutory damages of a minimum of $500.00 per violation. *See* 47 U.S.C. § 227(b)(3). The TCPA also awards injunctive relief. *See id.* Weitzner seeks both statutory damages and injunctive relief individually and on behalf of the putative class. *See* Compl., Wherefore Cl., (a) - (d).[1]

In an action brought in Massachusetts state court on May 24, 2005, by Ari Weitzner, M.D., P.C. (but not by Ari Weitzner individually) (*Ari Weitzner, M.D., P.C., on behalf of itself and all others similarly situated v. Cynosure, Inc.*, Mass. Super. Ct., Middlesex Co., No. 05-1778), which arose upon the receipt of the same four facsimiles that gave rise to Weitzner's claims in the present action, the complaint defined the class on a nationwide basis, *see* Massachusetts Complaint at ¶¶ 1-5 (a copy of which is annexed as Exhibit "A" to the Declaration of Todd C. Bank ("Bank Decl.")).

On August 10, 2005, Cynosure served a motion to dismiss the Massachusetts Complaint on the basis that the Massachusetts action was brought primarily for monetary damages rather than equitable relief and that, therefore, the class allegations, insofar as they pertained to a nationwide class, were precluded by the Due Process clause of the Fourteenth Amendment because Massachusetts law does not provide opt-out rights to class members. On January 31, 2006, the Massachusetts court denied that motion. *See* Bank Decl., Exh. "B." Extensive discovery, both written

---

[1] This Court has federal-question jurisdiction under 28 U.S.C. § 1331, as held in *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 565 U.S. ___ (2012).

and oral, ensued.

On February 6, 2008, Weitzner served a motion for class certification in the Massachusetts action. Nearly four years later, on January 24, 2012, a judge to whom the Massachusetts action had been reassigned after the denial of Cynosure's dismissal motion expressed his disagreement with the denial by the first judge and ruled that certification of a nationwide class was precluded by the Due Process clause. *See* Bank Decl., Exh. "C," at 2-5. Although this ruling alone precluded class certification, the court proceeded to find that Weitzner had not satisfied some of the Massachusetts class-action prerequisites. *See id.* at 6-10.

With the only remaining claims in the Massachusetts action being the individual claims of Ari Weitzner, M.D., P.C., Plaintiffs commenced the present action on July 23, 2012, because they wished to continue to seek to represent a nationwide class of facsimile recipients.

On November 28, 2012, the Massachusetts trial court entered a judgment in response to a motion brought by Cynosure (which Weitzner opposed). The motion had sought (1) the entry of judgment in favor of Weitzner with respect to his individual claims and (2) the recovery of the costs that Cynosure incurred following an offer of judgment that Cynosure had made to Weitzner in 2007. The judgment stated as follows:

> FINAL JUDGMENT: Pursuant to Mass.R.Civ.P. 54 and 58, Judgment hereby enters as follows: 1. In accordance with the Court's Memorandum of Decision and Order dated January 24, 2012, the Class Allegations of the Complaint are hereby dismissed, with prejudice. 2. Judgment in favor of Plaintiff under Count I on his individual claim under 47 U.S.C. S.227, and Plaintiff is awarded the sum of $6,000, without costs. 3. Defendant Cynosure, Inc., its officers, directors, employees and agents are permanently enjoined from using any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to telephone facsimile number (718) 256-5465 and/or any other telephone facsimile number

3

>which the Plaintiff by affidavit filed and served within 30 days after entry of Judgment demonstrates it either subscribes to or uses in the ordinary course of its business. 4. Pursuant to Mass.R.Civ.P. 68, Defendant is awarded the costs it inc[u]rred in defending this action accrued since July 3, 2007, in the amount $3,495.12 for costs of transcripts only.

(a copy of the judgment is annexed as Exhibit "D" to the Declaration of Todd C. Bank).

In response to the dismissal of Weitzner's claims by the Massachusetts trial court, this Court issued an order on December 11, 2012 directing Weitzner to "brief the Court on why the Court should not dismiss the action based on claim and/or issue preclusion" and permitting Cynosure to submit a reply. Both Weitzner and Cynosure submitted responses to the Order. *See* ECF Nos. 19-21, and 22, respectively). Weitzner did not submit arguments regarding claim and/or issue preclusion but, in light of the fact that Weitzner had already filed a notice of appeal of the Massachusetts trial court's judgment, instead "submit[ted] that a stay pending the resolution of the appeal in Massachusetts would be more appropriate, more logical, and, ultimately, more efficient." Plaintiffs' Memorandum of Law, ECF No. 19, at 1.

On February 22, 2013, this Court issued the following minute entry announcing the dismissal of the Complaint: "Minute Entry for proceedings held before Judge Margo K. Brodie: Motion Hearing held on February 22, 2013 re [12] MOTION to Dismiss. Daniel A. Osborn appeared on behalf of Plaintiffs. Michael Wood appeared on behalf of Defendant. For the reasons stated on the record, the Complaint is dismissed because the action is precluded under claim preclusion and issue preclusion."

4

## ARGUMENT

## POINT I

### THIS ACTION SHOULD BE ADMINISTRATIVELY CLOSED PENDING THE RESOLUTION OF THE APPEAL OF THE JUDGMENT OF THE MASSACHUSETTS TRIAL COURT

**A.  This Court has Broad Discretion to Grant the Relief Sought**

In *Stevens v. Miller*, 676 F.3d 62 (2d Cir. 2012), the court explained that:

> Rule 60(b)(6) authorizes a district court to grant relief to a moving party for "any other reason that justifies relief." It is a grand reservoir of equitable power to do justice in a particular case. But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that "extraordinary circumstances" warrant relief. Of particular concern is that parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b).
>
> Recognizing this concern, we have found that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.

*Id.* at 67 (citations and quotation marks omitted). Here, Weitzner does not make a claim of mistake, inadvertence, or neglect; nor, of course, is Weitzner circumventing the one-year time limitation in other subsections of Rule 60(b).

**B.  This Action Should be Administratively Closed**

In *Penn West Associates, Inc. v. Cohen*, 371 F.3d 118 (3d Cir. 2004), the court noted that "[t]he Court of Appeals for the First Circuit has addressed the purpose and significance of administrative closings in *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir.1999)."

*Id.* at 126. As *Penn West* detailed:

> The *Lehman* Court explained the nature of an administrative closing as follows:
>
>> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts *remove cases from their active files without making any final adjudication. See Corion Corp. v. Chen*, 964 F.2d 55, 56-57 (1st Cir.1992) (holding that *an order deeming a case "administratively closed" was not a final, appealable order absent a separate document to signal the court's "view that the case had concluded"*). The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases. *See, e.g., id.*; *In re Arbitration Between Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd.*, 845 F.Supp. 1026, 1028 (S.D.N.Y.1994); *Mercer v. Allegheny Ludlum Corp.*, 132 F.R.D. 38, 38-39 (W.D.Pa.1990), *aff'd*, 931 F.2d 50 (3d Cir.1991). We endorse the judicious use of administrative closings by district courts in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time.
>>
>> *Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository. "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." In re Arbitration*, 845 F.Supp. at 1028 (S.D.N.Y.1994).
>
> *Id.* at 392 (emphasis added) (footnote omitted).

*Id.* at 127 (emphases in first paragraph added).

As the *Penn West* court further explained:

> *Lehman*'s view of administrative closings has been followed by the Courts of Appeals for the Tenth and Eleventh Circuits. *See, e.g.*, *Florida Ass'n for Retarded Citizens v. Bush*, 246 F.3d 1296, 1298 (11th Cir.2001) ("Designating a case 'closed' does not prevent the court from reactivating a case *either of its own accord or at the request of the parties*."); *Cantrell v. International Broth. of Elec.*

6

> *Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 457 (10th Cir.1995); *see also American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 715 (5th Cir.2002) (Dennis, J., concurring) ("[T]he administrative closure reflects nothing more than the federal courts' overarching concern with tidy dockets; it has no jurisdictional significance."); *cf. Mickeviciute v. I.N.S.*, 327 F.3d 1159, 1161 n. 1 (10th Cir.2003) (noting that an "[a]dministrative closure of [an immigration] case temporarily removes the case from an immigration judge's calendar.... The administrative closing of a case *does not result in a final order. It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations*").
>
> *Lehman* presents a reasoned explication of a device that, when used in correct context, *enhances a district court's ability to manage its docket*. We adopt that rationale and hold that an order merely directing that a case be marked closed constitutes an administrative closing that has *no legal consequence other than to remove that case from the district court's active docket*.
>
> ***
>
> As the *Lehman* Court noted, a district court can provide, in the text of its order, a *built-in timetable under which the administrative closing may automatically expire, or, alternatively, mature into a final decision. See* 166 F.3d at 392 n. 4.

*Id.* at 128 (emphases added). As *Penn West* and *Lehman* make clear, an administrative closure would benefit this Court in two ways: it would remove the present case from the active docket while, at the same time, enable this Court to maintain sufficient control of the case.

Another key benefit of an administrative closure is that, whereas an order of administrative closure is not appealable, the dismissal that this Court has issued is, of course, appealable. Thus, the promotion of judicial efficiency would be promoted by an administrative closure because Weitzner would otherwise be forced to commence the appellate process in this action, which, insofar as it would be predicated upon the dismissal of the Massachusetts action, would have to be vacated if Weitzner's appeal of the Massachusetts dismissal were successful. An administrative closure, on the

other hand, would render the Second Circuit's involvement, as well as the parties' involvement before the Second Circuit, unnecessary.

Furthermore, and significantly, the *Penn West* court added that "'the power to resurrect [an administratively closed case is not] reserved to the parties. The court, too, retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate.'" *Penn West* 371 F.3d at 127, quoting *Lehman*, 166 F.3d at 392. Thus, in the event that Weitzner's Massachusetts appeal is unsuccessful, this Court would have the authority to *sua sponte* reinstate the present action and issue a final dismissal.

The facts of the present case are analogous to those at issue in *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635 (2d Cir. 2005), in which an order of administrative closure was issued. In *Aurecchione*, the plaintiff filed a discrimination complaint against her former employer with a state agency, which, as required by Title VII of the Civil Rights Act of 1964, filed a copy of the complaint with the Equal Employment Opportunity Commission ("EEOC"). *See id.* at 637. The state agency subsequently issued a decision in the plaintiff's favor, *see id.*, and in the same month that the state agency did so, the EEOC issued the plaintiff a Notice of Right to Sue in federal court. *See id.* The plaintiff thereafter commenced a federal action. *See id.* However, the plaintiff had also taken an appeal from the state agency's decision. *See id.* (specifically, "[she] appealed the [agency]'s award to the New York State Supreme Court for Suffolk County because, *inter alia*, the [agency] refused to include pre-judgment interest in the award. She was subsequently awarded this interest when, three years later, the Court of Appeals of New York ultimately decided the state law computation of interest question in [her] favor," *id.* at 637, n.1). As the court noted, "[the] federal suit was *administratively closed* . . . [and] was later *reinstated* to active status . . . *when the state*

*appeal was resolved.*" *Id.* at 637 (emphases added). Just as the federal court in *Aurecchione* administratively closed its case pending the resolution of the plaintiff's state-court appeal, in which the state-court appeal stemmed from the same facts that gave rise to the plaintiff's federal action, this Court should do likewise in the present action.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, issue an Order: (1) granting reconsideration of, and vacating, the Order of this Court, dated February 22, 2013, which dismissed the Complaint as barred by claim preclusion and issue preclusion; (2) vacating the Judgment of this Court dated March 5, 2013 (ECF No. 23); (3) administratively closing the present case pending the resolution of the appeal of *Ari Weitzner, M.D., P.C., on behalf of itself and all others similarly situated v. Cynosure, Inc.* (Massachusetts Appeals Court, No.2013-P-0264); and (4) granting Plaintiffs any additional relief authorized by law.

Dated: March 15, 2013

                                            s/ ***Todd C. Bank***
                                        TODD C. BANK, ATTORNEY AT LAW, P.C.
                                        Todd C. Bank - (TB-6825)
                                        119-40 Union Turnpike, Fourth Floor
                                        Kew Gardens, New York 11415
                                        (718) 520-7125

                                        OSBORN LAW PC
                                        295 Madison Avenue, 39th Floor
                                        New York, New York 10017
                                        (212) 725-9800

                                        *Counsel to Plaintiffs*