Michael R. Wood (MW-3099)
GOULSTON & STORRS, P.C.
885 Third Avenue
New York, New York 10022
(212) 878-6900

Richard M. Zielinski (*pro hac vice*)
Richard J. Rosensweig (*pro hac vice*)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston Massachusetts 02110
(617) 482-1776

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARI WEITZNER AND ARI WEITZNER, M.D., P.C., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>CYNOSURE, INC.,<br><br>*Defendant*. | Civil No.: 12-cv-3668 |

**MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION
AND IN SUPPORT OF APPLICATION FOR SANCTIONS**

On February 22, 2013, this Court dismissed the complaint of plaintiffs Ari Weitzner and Ari Weitzner, M.D., P.C. (together, "Weitzner"), and subsequently on March 5, 2013, judgment was entered in accordance with that order. Despite having unsuccessfully sought a stay of this action pending the disposition of an appeal in Massachusetts state court of its prior action, Weitzner now moves for reconsideration, vacatur of judgment and administrative closure in place of dismissal – in effect seeking the same relief he has *twice* been denied by this Court. Yet Weitzner has failed to meet the high burden required for a motion for reconsideration and has cited no basis for the relief sought and no supporting authority. For the same reasons that a stay pending Weitzner's appeal in the Massachusetts action was denied, administrative closure

1

would be wholly inappropriate.  The reason is simple: either the Massachusetts appellate court will affirm the judgment, or it will reverse and remand that case for further proceedings in Massachusetts.  Neither outcome supports administrative closure of this action.  Moreover, Weitzner's repeated attempts to cover the same ground have become abusive and unfairly costly to the defendant, Cynosure, Inc. ("Cynosure").  In light of Weitzner's vexatious litigation tactics, the Court should sanction Weitzner and his counsel under Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927.

**I. There Is No Basis for Administrative Closure.**

Weitzner contends that administrative closure is appropriate to permit the Court to "maintain sufficient control of the case," and that a "key benefit" of it is that it not appealable.  This argument alone lays bare Weitzner's motive for seeking administrative closure, as opposed to final judgment.  An administrative closure would impose the very relief previously requested by Weitzner and denied by this Court – a stay of the action – while Cynosure would be left without any appellate rights.  Notably, Weitzner fails to indicate how an administrative closure pending appeal in the Massachusetts action would affect the rationale applied by the Court when it dismissed the action, and upon which judgment was entered in Cynosure's favor.  In dismissing the action, the Court expressly found that "Massachusetts courts have made it very clear that a trial court judgment is a final – is final, and has preclusive effect regardless of the fact that it is on appeal."

Weitzner does not point to any issue in the Court's decision that supports its request for reconsideration.  Instead he just offers vague references to the Court's ability to "maintain sufficient control" over a case it has already dismissed and the "promotion of judicial efficiency."  Yet the Court has already considered that argument and rejected it:

> Okay. I understand all of that, counsel, but here's my problem. Massachusetts State Law says a judgment by a trial court is a final decision. And under both claim preclusion and issue preclusion why shouldn't I dismiss this action, because you now have a final decision in Massachusetts and it meets all the requirements for why you are barred from bringing this action here.
>
> * * *
>
> I don't see – I don't see the argument here for me to issue a stay and leave this case opened. I mean, I just don't see it. You've had you opportunity to litigate this case. You, plaintiff, chose to bring this action in Massachusetts. It's not a case where you were dragged to Massachusetts to litigate this, you chose that forum, you chose that court. You now – you don't like the outcome and now you want an opportunity to litigate it here.
>
> I think you're precluded from doing that and you are now asking me to stay this action while you litigate further in Massachusetts; hopefully, reverse the low[er] court, and this could take years, and I should stay this action while you do that and give you the opportunity to come back and litigate all over again in this court. That's not fair to the defendant.

Weitzner's motion is equally as skimpy on authority as it is on facts. Indeed, he relies upon a single case for the argument that administrative closure is appropriate: <u>Aurecchione v. Schoolman Transp. System, Inc.</u>, 426 F.3d 635 (2d Cir. 2005). However, nothing in <u>Aurecchione</u> stands for the proposition that administrative closure is a substitute for an otherwise appropriate final judgment. Moreover, it does not address whether or not the administrative closure in that case was consented to. See <u>Garcia-Padron v. Holder</u>, 558 F.3d 196, 201 (2d Cir. 2009) (noting that "administrative closing is merely an administrative convenience" appropriate only where both parties agree).

"Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication." <u>Penn. West Associates, Inc. v. Cohen</u>, 371 F.3d 118, 127 (3d Cir. 2004). By contrast, here the Court ruled

unequivocally, and adjudicated Weitzner's claims. Thus there is no basis for an administrative closing, as opposed to the already entered final judgment in this action.

Moreover, even if Weitzner were able to point to some legal basis for administrative closure (he has not), he still has failed to cite extraordinary circumstances that might satisfy the requirements of Rule 60(b)(6) of the Federal Rules of Civil Procedure. "Rule 60(b)(6) authorizes a district court to grant relief to a moving party for any other reason that justifies relief. It is a grand reservoir of equitable power to do justice in a particular case. But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that extraordinary circumstances warrant relief." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal citations and quotations omitted). Thus, again, Weitzner has failed to meet the high burden placed upon him to demonstrate the circumstances necessary to warrant relief.

## II. **Weitzner's Conduct is Sanctionable.**

"The district court has broad discretion in determining whether to grant Rule 11 sanctions. Rule 11 sanctions are appropriate where a person signs a filing for an improper purpose such as to delay or needlessly increase the cost of litigation, or without a belief formed from a reasonable inquiry that the argument is non-frivolous. A filing is frivolous if it is clear under existing precedent that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Pentagen Technologies Intern. Ltd. v. U.S., 172 F. Supp.2d 464, 470 (S.D.N.Y. 2001) (internal quotations and citations omitted).

28 U.S.C. § 1927 "allows a court to impose sanctions when an attorney multiplies the proceedings in any case unreasonably and vexatiously, and obliges attorneys throughout the litigation to avoid dilatory tactics" Pentagen, 172 F. Supp.2d at 473 (internal quotations and citations omitted). "Unlike Rule 11's objective standard, however, section 1927 requires the

-4-

additional showing of subjective bad faith. Bad faith can be inferred when an attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id.

Here, there can be no dispute that the Court advised Weitzner that it considered an outcome to this action that resulted in anything other than finality was unfair to Cynosure. In dismissing Weitzner's action, the Court stated:

> Right, but there is a final judgment [in the Massachusetts action], and it's unfair for the defendant to have an open litigation in – before me where there is a final judgment adjudicating the exact same issue, and where all you would like is [to] pursue that indefinitely, because you are talking about an appeal to an intermediary court. And if that court doesn't agree with you, then what, an appeal to the highest court in Massachusetts? And so, no one knows how long that's going to take before you can then come back to this court to seek further relief.

Weitzner has offered no basis in fact or law for the Court to reconsider its dismissal, and that dismissal entitles Cynosure to a final judgment in this action. Instead, Weitzner now seeks an outcome that would entitle it to the very same relief it previously requested (a stay), without offering any distinction or change in circumstance that would warrant such relief. When viewed in the context of Weitzner's years of attempts (ultimately unsuccessful) to delay a resolution of the Massachusetts action, it is clear that the conduct of Weitzner and its counsel is intended to delay, harass and unduly burden Cynosure. Accordingly, sanctions are appropriate under each of Rule 11 and 28 U.S.C. § 1927.[1]

---

[1] At the Court's request, Cynosure is prepared to submit an affidavit itemizing the costs and attorney's fees incurred in opposing this motion for reconsideration.

## **CONCLUSION**

For the foregoing reasons, Cynosure respectfully requests that the Court deny Weitzner's request for administrative closure of this action. Cynosure also suggests that, under the circumstances, an award of costs and attorneys' fees is entirely appropriate.

Respectfully submitted,

CYNOSURE, INC.,

By its attorneys,

/s/
Michael R. Wood
GOULSTON & STORRS, P.C.
885 Third Avenue
New York, NY 10022
Telephone: (212) 878-5142
Facsimile: (212) 878-5542
mwood@goulstonstorrs.com

Richard M. Zielinski (*pro hac vice*)
Richard J. Rosensweig (*pro hac vice*)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
rzielinski@goulstonstorrs.com
rrosensweig@goulstonstorrs.com

April 12, 2013