UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ARI WEITZNER and ARI WEITZNER, M.D. P.C.,

                              Plaintiffs,                       **MEMORANDUM & ORDER**
                                                                                        12-CV-3668 (MKB)
             v.

CYNOSURE, INC.,

                              Defendant.
-------------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiffs Ari Weitzner and Ari Weitzner, M.D. P.C., a doctor and his medical practice, filed the above-captioned action on July 23, 2012, individually and on behalf of a putative class, against Defendant Cynosure, Inc., a manufacturer of laser and light-based technology. Defendant moved to dismiss the Complaint and by oral decision rendered on February 22, 2013, the Court dismissed the Complaint as barred by claim preclusion and issue preclusion under Massachusetts state law. Judgment was entered on March 5, 2013. Plaintiff now moves the Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for (1) vacatur of the judgment entered on March 5, 2013; (2) an order granting reconsideration of the Court's February 22, 2013 decision; and (3) administrative closure of the case pending the resolution of the appeal of a Massachusetts state court decision addressing an identical claim. Defendant opposes Plaintiffs' motion and moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. For the reasons discussed below, Plaintiffs' motion for vacatur and reconsideration is denied and Defendant's motion for sanctions is denied.

I. **Background**

Plaintiffs commenced this action against Defendant on July 23, 2012, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), individually and on behalf of a putative class. (Docket Entry No. 1.) Plaintiffs alleged that Defendant sent four unsolicited facsimile advertisements to Plaintiffs in violation of the TCPA. (*Id.*) Plaintiffs sought both statutory damages and injunctive relief individually and on behalf of the putative class. (*Id.*)

    a. **Massachusetts State Court Proceeding**

Prior to commencing the action in this Court, individual Plaintiff Ari Weitzner, M.D. P.C. ("the Medical Office"), on behalf of itself and all others similarly situated, brought an action against Defendant in Massachusetts state court on May 24, 2005, based on its receipt of the same four facsimiles at issue here. (Pl. Opp. Mot. To Dismiss 1 (Docket Entry No. 13); State Court Compl., annexed to Pl. Reply to Order to Show Cause ("Pl. Reply OSC") as Ex. A (Docket Entry No. 20)). On November 28, 2012, the Massachusetts state court entered a final judgment and dismissed the class allegations with prejudice, awarded judgment in favor of the Medical Office in the sum of $6,000 on the Medical Office's claim, issued a permanent injunction enjoining Defendant from sending unsolicited advertisement to the Medical Office's telephone facsimile number, but awarded Defendant $3,495.12 in costs incurred for transcripts after July 3, 2007. (Pl. Reply OSC Ex. D ("State Trial Court Order").) The Medical Office is appealing the judgment of the Massachusetts state court, as well as the court's denial of class certification. (Pl. Reply OSC Ex. J.)

    b. **Prior Proceedings in this Court**

By order to show cause filed on July 31, 2012, prior to the final decision by the Massachusetts state court, Plaintiffs moved this Court for a stay of the Massachusetts court

proceeding, citing the Anti-Injunction Act, 28 U.S.C. § 2283, (Docket Entry No. 2), which motion was denied by this Court on September 24, 2012, (Minute Entry dated Sept. 24, 2012). On October 22, 2012, Defendant filed a motion to dismiss the proceedings before the Court as barred by the applicable statute of limitations and the prior pending action doctrine and, in the alternative, sought to strike the class allegations from the Complaint. (Docket Entry No. 12.)

On December 11, 2012, while Defendant's motion to dismiss was pending before the Court, Defendant notified the Court of the final judgment in the Massachusetts proceeding. (Docket Entry No. 18.) Based on the final judgment entered in the Massachusetts proceeding, this Court ordered Plaintiffs to brief why the action before the Court should not be dismissed as barred by claim and issue preclusion. (Order dated Dec. 11, 2012.) In response, Plaintiffs requested a stay of the action before the Court, pending Plaintiffs' appeal of the final judgment in Massachusetts. (Docket Entries Nos. 19–21).

On February 22, 2013, the Court heard oral argument on Plaintiffs' request for a stay of the proceedings and Defendant's motion to dismiss. Plaintiffs argued that they believed the court in Massachusetts incorrectly decided the class certification issue, and because they are appealing the judge's decision and expect to return to this Court if and when they are successful, the Court should stay the proceeding for an indefinite period of time and allow Plaintiffs to appeal the decision in Massachusetts and to eventually return to this Court to litigate this matter. (Transcript of Feb. 22, 2013 Oral Argument ("Tr") 3:10–14; 7:19–21.) Plaintiffs also argued that in addition to incorrectly deciding the class certification issue, the state court in Massachusetts lacked jurisdiction over the Medical Office's individual claim after denying class certification because the amount in controversy no longer met the threshold requirement and the court therefore could not enforce the offer of judgment by Defendant on the Medical Office's

3

claim. (Tr. 6:16-7:3.) Plaintiffs admitted that the action in Massachusetts is the same action that was brought in this Court. (Tr. 3:15–19.)

The Court found the action was "barred by both claim and issue preclusion." (Tr. 12:25–13:1.) The Court noted that it was required to follow Massachusetts law which "recognizes two kinds of res judicata: claim preclusion and issue preclusion" and that under Massachusetts law, "a trial court judgment is . . . final, and has preclusive effect regardless of the fact that it is on appeal." (Tr. 12:24–13:15.) The Court explained that to invoke claim preclusion under Massachusetts law, a party had to satisfy three elements: "[t]hat identity or privity of the parties to the present and prior actions be the same, the same identity of the cause of action, and prior final judgment on the merits." (Tr. 13:16–20.) The Court found that all three elements were met. (Tr. 13:16–17.) In dismissing the action as barred under Massachusetts state law by claim preclusion, the Court noted that the appeal of the Massachusetts judgment "could take years" and that it was "not fair" to Defendant to have an open case pending before the Court as requested by Plaintiffs when there was a final decision on the merits. (Tr. 9:10–16.)

The Court also discussed the elements necessary to prove issue preclusion: "[O]ne, there was a final judgment on the merits in the prior adjudication[,] two, the party against whom preclusion was asserted was a party or in privity with a party to that prior adjudication[,] and three, the issue in the prior adjudication was identical to the issue in the current adjudication." (Tr. 14:10–15.) The Court then found that as with the claim preclusion analysis, all three elements were met, and Plaintiffs' claim was therefore barred by issue preclusion. (Tr. 14:17–19.) The Court dismissed Plaintiffs' action. (Tr. 14:18–19; *see also* Minute Entry dated February 22, 2013.) The Clerk of Court entered Judgment dismissing the Complaint on March 5, 2013. (Docket Entry No. 23.)

### c. Pending Motion Before the Court

On August 14, 2013, Plaintiffs filed a motion to vacate the Judgment pursuant to Federal Rules of Evidence 60(b)(6), to have the Court reconsider the February 2013 Order dismissing the case, and to issue an order administratively closing the case pending Plaintiffs' appeal of the Massachusetts state court decision. (Docket Entry Nos. 26–28.)

On August 28, 2013, Plaintiffs submitted a supplemental letter to alert the Court to the Second Circuit's August 8, 2013 decision in *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2d Cir. 2013), which decision, according to Plaintiffs, addressed the three bases of Defendant's initial motion to dismiss the action. (Docket Entry No. 31.) On August 30, 2013, Defendant submitted a response to Plaintiffs' August 28, 2013 letter disagreeing with Plaintiffs' position and asserting that the recent Second Circuit decision should have no impact on the Court's February 22, 2013 decision.

## II. Background

### a. Standard of Review

#### i. Rule 60(b)(6)

Rule 60(b)(6) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Second Circuit has made clear that motions pursuant to Rule 60(b)(6) are disfavored and should only be granted where movant demonstrates "extraordinary circumstances, or extreme hardship." *DeCurtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (noting that "courts require the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate 'extraordinary circumstances' warrant relief" (citing *Liljeberg*

5

*Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988))); *DePasquale v. DePasquale*, No. 12-CV-2564, 2013 WL 4010214, at * 2 (E.D.N.Y. Aug. 5, 2013) ("Granting a Rule 60(b)(6) motion requires a showing of extraordinary circumstances to justify the reopening of a final judgment." (citations and internal quotations marks omitted)); *Crawford v. Franklin Credit Management Corp.*, No. 08-CV-6293, 2013 WL 2951957, at * 1 (S.D.N.Y. June 14, 2013) ("Motions for relief under Rule 60(b) are disfavored, and are reserved for exceptional cases." (citations omitted)). "As a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *In re Terrorist Attacks on September 11, 2001*, --- F. App'x ---, ---, 2013 WL 6670979, at *4 (2d Cir. Dec. 19, 2013) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004)). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Id*. (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Such a motion "must be made within a reasonable time," *Stevens*, 676 F.3d at 67 (citing Fed. R. Civ. P. 60(c)), and cannot be used "as a substitute for appeal." *Stevens v. Schneiderman*, No. 05-CV-10819, 2011 WL 6780583, at * 4 (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)).

### ii.  Motion for Reconsideration

The standard for granting a motion to reconsider a judgment "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *see also Smith v. New York City Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("To warrant reconsideration, a party must 'point to controlling

decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader*, 70 F.3d at 257)); *Smith v. Schweiloch*, No. 12-CV-3253, 2012 WL 2277687, at *1 (S.D.N.Y. June 18, 2012) ("The moving party is required to demonstrate that 'the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court.'" (alteration in original) (quoting *Vincent v. Money Store*, No. 03-CV-2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011))); Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (requiring the moving party to "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *as amended* (July 13, 2012), *cert. denied*, 569 U.S. ---, 133 S. Ct. 1805 (2013)). In other words, "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11-CV-5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision . . . nor does it present an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made." *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (alteration, citation and internal quotation marks

7

omitted); *see also Smith v. New York City Dep't of Educ.*, 524 F. App'x at 734 ("A motion for reconsideration is not the appropriate mechanism for a party to relitigate an issue already decided or to advance new facts, issues, or arguments not previously presented to the court."); *Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because a party is dissatisfied with the outcome of his case.  To do otherwise would be a waste of judicial resources."  (alteration, citations and internal quotation marks omitted)).

### iii. Motion for Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides that a court may impose sanctions either by motion or by its own initiative, when (1) a pleading, written motion or other paper is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) the claims, defenses and other legal contentions raised are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) the factual contentions do not have any evidentiary support or are unlikely to have any evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are not warranted on the evidence or are not "reasonably based on belief or a lack of information."  Fed. R. Civ. P. 11(b)–(c); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("Sanctions may be — but need not be — imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous.")  "[E]ven when a district court finds a violation of Rule 11, 'the decision whether to impose a sanction for a Rule 11(b) violation is . . .

committed to the district court's discretion.'" *Ipcon Collections*, 698 F.3d at 63 (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) (alteration omitted)). Enforcing Rule 11 requires "notice and a reasonable opportunity to respond," and "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c).

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The statute "authorizes sanctions 'when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose,' and upon 'a finding of conduct constituting or akin to bad faith.'" *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000)); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012) ("[W]hile the standard for triggering sanctions under Rule 11 is 'objective unreasonableness,' to impose sanctions under § 1927, the court must make a finding of 'conduct constituting or akin to bad faith.'" (citing *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000) and *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d at 115))).

### b. Plaintiffs' Circumstances Are Not Extraordinary

Plaintiffs seek relief pursuant to rule 60(b)(6) of the Federal Rules of Civil Procedure, but fail to demonstrate extraordinary circumstances or extreme hardship, or otherwise establish that it is the exceptional case as required in order to obtain such relief. *See, e.g.*, *In re Terrorist Attacks on September 11, 2001*, --- F. App'x at ---, 2013 WL 6670979, at *4–5 (reversing

9

District Court's denial of relief under Rule 60(b)(6) where District Court mistakenly believed that appeal from denial of 60(b)(6) relief would permit Second Circuit to address the underlying merits of the case, and where the highly unusual procedural history of the case created "extraordinary" circumstances warranting relief from prior judgment); *Fernandez v. Beehive Beer Distrib. Corp.*, No. 12-CV-01968, 2013 WL 6153203, at *1 (S.D.N.Y. Nov. 22, 2013) (vacating judgment where "[b]oth parties agree that the court should vacate the default judgment against Beehive as it is not a legal entity from which Fernandez can obtain relief and that Windmill is the actual defendant in this case.")

      Plaintiffs' Memorandum of Law in support of their motion to vacate and reconsider argues for a new form of relief, administrative closure, but does not point to either law or facts that would justify vacatur or reconsideration. The fact that Plaintiffs initially decided, whether strategically or mistakenly, to pursue a stay of the proceedings before the Court rather than seek to administratively close the case pending the appeal of the Massachusetts state court judgment, does not present an extraordinary circumstance that would warrant vacating the judgment, and Plaintiffs have not shown undue hardship. *See DePasquale*, 2013 WL 4010214, at * 5 (denying plaintiff's Rule 60(b)(6) motion where counsel failed to review certain documents that were in her possession prior to responding to the motion to dismiss, noting that "It is well-settled in the Second Circuit that an attorney's gross negligence alone is not a basis for relief under Rule 60(b)(6)" (alteration omitted) (quoting *Firestorm Partners 2, LLC v. Vessel*, No. 10-CV-2356, 2013 WL 654396, at *15 (E.D.N.Y. Feb. 21, 2013); *Stefanopoulos v. City of New York*, No. 01-CV-0771, 2007 WL 160819, at *3 (E.D.N.Y. Jan. 17, 2007) (denying plaintiff's motion pursuant to Rule 60(b)(6) where plaintiff's counsel failed to respond to summary judgment motion because "an attorney's gross negligence is not a basis for relief under Rule 60(b)(6)" (citations

10

omitted)), *aff'd*, 299 F. App'x 49, 50 (2d Cir. 2008) (the Circuit has "consistently indicated a reluctance to follow the approach of cases" that have granted a Rule 60(b)(6) motion "to a party where his or her lawyer, by neglecting the case entirely, was guilty of gross negligence" (citations and internal quotation marks omitted)).

Nor do Plaintiffs demonstrate how denial of their motion for vacatur would be an extreme hardship. Indeed, as Plaintiffs acknowledge, they have the option to appeal the February 2013 Order. (*See* Pl. Mem. at 7 (arguing that granting the Rule 60(b)(6) relief requested and administratively closing the case would promote "judicial efficiency" because Plaintiffs "would otherwise be forced to commence the appeal process in this action")). Because Plaintiffs have failed to argue, let alone demonstrate, either the extraordinary circumstances required to vacate the Court's judgment, or that failure to vacate would create an undue hardship on them, Plaintiffs' motion to vacate the judgment is denied.

    c. **Plaintiffs Are not Entitled to Reconsideration**

Likewise, Plaintiffs have not established that they are entitled to reconsideration of the Court's decision based on "controlling decisions or data that the court overlooked." *See Shrader*, 70 F.3d at 257. First, Plaintiffs seek to make a new argument to the Court seeking a new form of relief, an argument that could have been made previously and relief that Plaintiffs could have sought instead of, or as an alternative to, their request for a stay. A motion for reconsideration is not the proper vehicle for advancing a new argument or seeking new relief. *See Image Processing Tech., LLC v. Canon Inc.*, No. 10-CV-3867, 2012 WL 253097, at *2 (E.D.N.Y. Jan. 26, 2012) ( "[I]t is well-settled that a party may not, on a motion for reconsideration, raise an argument for the first time." (alteration, citation and internal quotation marks omitted) (collecting cases)); *see also Premium Sports Inc.*, 2012 WL 2878085, at *1

(A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made." (alteration, citation and internal quotation marks omitted)).

      Nor is Plaintiffs' subsequent submission citing to the Second Circuit's recent decision in *Giovanniello* of any assistance to Plaintiffs. (*See* Letter dated August 28, 2013 (citing *Giovanniello*, 726 F.3d 106). Plaintiffs argue that the three bases for Defendant's initial motion to dismiss have been rendered moot by *Giovanniello*. (*Id*. at 2.) Specifically, Plaintiffs argue that *Giovanniello* (1) forecloses Defendant's argument regarding the statute of limitation; (2) questions Defendant's argument that the New York Civil Practice Law and Rules which prohibits the awarding of statutory damages in class actions applies to TCPA claims in federal court; and (3) makes Defendant's prior pending action doctrine not applicable to the facts of the case. (*Id.*) Plaintiffs' arguments are without merit, however, since none of these three issues was the basis for the Court's February 22, 2013 decision dismissing Plaintiffs' action. As discussed above, and as acknowledged by Plaintiffs, the Court dismissed Plaintiffs' motion as barred by claim preclusion and issue preclusion, and did not reach the issues raised by Defendant in its initial motion to dismiss. Plaintiffs do not argue that *Giovanniello* changed the law of the Circuit with respect to claim preclusion or issue preclusion. Indeed, the Court applied Massachusetts case law to decide Plaintiffs' claims. None of the arguments raised by Plaintiffs in all of their submissions has addressed the basis for the Court's ruling, has shown that the Court overlooked controlling law, or that there is new evidence that should change the Court's decision. Accordingly, Plaintiffs' motion to reconsider the Court's February 22, 2013 decision is denied.

### d. Defendant's Motion for Sanctions

Defendant moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. (Def. Opp. Mem. 4–5.) Rule 11 requires a motion for sanctions to be "made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Defendant's motion was made as part of its opposition to Plaintiff's motion for vacatur and reconsideration. The Court therefore declines to impose sanctions pursuant to Rule 11.

The Court also finds that Plaintiffs' conduct, while contrary to the interest of judicial efficiency, do not rise to the level of "bad faith" required to impose sanctions pursuant to 28 U.S.C. § 1927. Defendant argues that "there can be no dispute that the Court advised Weitzner that it considered an outcome to this action that resulted in anything other than finality was unfair to Cynosure," and that "Weitzner has offered no basis in fact or law for the Court to reconsider its dismissal." (Def. Opp. Mem. 5.) However, in the absence of any additional evidence of Plaintiff's bad faith, the Court finds that the filing of the motion does not rise to the level of "bad faith" required by 28 U.S.C. § 1927. The Court declines to impose sanctions.

## III. Conclusion

For the reasons set forth above, the Court declines to vacate the judgment or to modify its February 22, 2013 decision. The Court also declines to impose sanctions on Plaintiffs.

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 6, 2014
       Brooklyn, New York